UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA V. WHEELER,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>        Defendant. | No. CV 15-2704 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Juanita V. Wheeler filed this action on April 11, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On November 6, 2015, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

I.

## PROCEDURAL BACKGROUND

Wheeler filed applications for supplemental security income and disability insurance benefits. In both applications, Wheeler alleged an onset date of November 30, 2009. AR 33. The applications were denied initially and on reconsideration. AR 33, 97-98, 127-28. Wheeler requested a hearing before an ALJ. AR 144. On July 24, 2013, the ALJ conducted a hearing at which Wheeler testified. AR 45-66. On July 26, 2013, the ALJ issued a decision denying benefits. AR 30-40. On February 10, 2015, the Appeals Council denied the request for review. AR 1-6. This action followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Wheeler met the insured status requirements through March 31, 2014. AR 35. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Wheeler had the severe impairments of obesity, history of neck and back pain, history of hyperthyroidism status post radiation ablation iodine treatment, migraines, anxiety disorder, depression not otherwise specified, cognitive disorder not otherwise specified, and cocaine dependence and PCP abuse, both in full sustained remission. Her impairments do not meet or equal a listing. AR 36.

The ALJ found that Wheeler has the residual functional capacity ("RFC") to perform the full range of medium work. AR 37. She is capable of performing past relevant work as an in-home caregiver as actually performed. AR 39.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

### C. Mental Impairment

Wheeler argues that the ALJ erred in finding that she did not have a severe mental impairment. However, at step two of the sequential analysis, the ALJ found a combination of "medical conditions of ill-being" that "are severe [in that] they more than minimally limit the claimant's ability to perform basic work-related activities." AR 36. The combination included "an anxiety disorder and depression, not otherwise specified" and "a cognitive disorder, not otherwise specified." *Id.* Accordingly, the ALJ cannot have erred at step two. Wheeler cites AR 36-37, which contains the ALJ's analysis, under the fourth heading, as to whether she meets or equals a listing. However, Wheeler does not argue that she meets or equals a listing, and there is nothing in the record to support such an argument. *See Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5 (1987) (claimant bears burden of demonstrating equivalence to listed impairment).

Accordingly, the court interprets Wheeler's argument as a challenge to the absence of any mental limitations in the RFC assessment. AR 37.

The ALJ relied on the consultative psychologist's opinion in March 2010. AR 38. The consultative psychologist diagnosed anxiety disorder and depression, not otherwise specified, after administering psychological tests. AR 38, 295. The psychologist assessed that Wheeler could perform simple and repetitive tasks with minimal supervision and with appropriate persistence and pace over a normal work cycle. Wheeler could understand and follow simple to moderately complex verbal instructions without difficulty. Her other mental limitations were mild. AR 38, 295-96. An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

The ALJ also noted the consultative psychiatric evaluation in November 2011. AR 38. The psychiatrist diagnosed major depression, recurrent, moderate; cognitive disorder, not otherwise specified; cocaine dependence in full sustained remission and PCP abuse in full sustained remission. AR 362. The psychiatrist found that Wheeler

had the intact ability to perform simple tasks. Her ability to maintain focus and concentration was severely impaired based not only on Wheeler's report but also on the psychiatrist's observation that Wheeler exhibited signs of pervasive slowing during the course of the testing. AR 361-62. Wheeler had moderate impairment in her ability to respond to changes in a routine work setting due to difficulty with two-step procedures during the interview. AR 362.

As the ALJ noted, the psychiatrist opined that Wheeler's prognosis was "fair" from a psychiatric standpoint because her "current symptoms of depression . . . are known to be highly responsive to treatment which she has not yet had" and "her cognitive deficits . . . are more likely to reflect correctible causes than a non-correctible neurodegenerative disorder." AR 363. The psychiatrist stated that, "[w]ithout insurance, [Wheeler] has not undergone typical tests which would be obtained given her circumstances including updated measurement of thyroid functioning and test for avitaminosis [chronic vitamin deficiency]." AR 359. Wheeler acknowledged past noncompliance with antidepressant medication and stated she was awaiting intake with a community-sponsored psychiatric provider. *Id.*

The ALJ concluded that Wheeler "failed to sustain the burden of proving that she would have more than minimal mental limitations/restrictions despite compliance with treatment." AR 38-39. The ALJ's finding is not supported by substantial evidence. Both the examining psychologist and examining psychiatrist assessed mental limitations. Although the psychiatrist thought Wheeler's cognitive deficits might be explained through testing of thyroid function and vitamin deficiencies, the psychiatrist made clear he did not have medical records.[2] AR 359. The record does not support the ALJ's finding.

---

[2] The ALJ cited records indicating Wheeler's thyroid is controlled through medication. AR 38, 367. The medical records appear to show stable thyroid as of October 2010 and January 2011. *E.g.*, AR 305, 313.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 21, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge